New York County.—Hon. D. G. ROLLINS, Surro-
gate.—March, 1886.

MATTER OF COLLES.

*In the matter of the estate of* James Colles, *deceased.*

The court will not seek to restrain, within the limits prescribed by our
statute, the commissions of an executor accountable both here and in
a court of another state, in view of the possibility that the other court
might not coincide.

Testator died at Morristown, New Jersey, in No-
vember, 1883, having dwelt there for six years pre-
vious. His will was there proved, and letters testa-
mentary issued to George W. Colles, in December of
the same year. Testator left real property in New
York county, where the will was again proved in Au-
gust, 1884, and letters testamentary were issued by
the Surrogate of that county to the same executor.
The appraisal and inventory were made under the
authority of the New Jersey court, and the estate was
in part administered. Proceedings were also insti-
tuted in New Jersey, by the executor, for the passing
of his accounts. Thereafter certain of the legatees
asked for an accounting here.

Edwards & Odell, *for executor:*

The sole question is—by what law shall the com-
missions be determined. In other words, how shall
"the ownership and disposition" of the small bal-
ance in the executor's hands be determined. How

much shall be given to the executor as compensation, and how much shall pass to the legatees. The claim is made that, because the property is within this State, it must be distributed, *i. e.*, " the ownership and disposition be determined " by the law of this State. But this is the reverse of what is declared by Code Civ. Pro., § 2694.

DeForest & Weeks, *for petitioners :*

The bulk of the estate, at testator's death, was in New York. All the distributees, except the executor, are citizens of New York. The whole estate has been distributed in the city of New York, except a few thousand dollars still remaining in the executor's hands. The testator's domicil is in question, on admitted facts. There are no creditors.

The Surrogate.—In asking that the respondent be directed to render an account, for judicial settlement by the Surrogate of this county, the petitioners declare that they have no other object than to restrain the allowance of commissions to the executor within the limits fixed by the statutes of this State. They claim that, if the proceedings for accounting now pending in New Jersey should be pushed to a conclusion, and if the compensation of the executor should be fixed by the Orphans' court of Morris county, he might be granted a larger sum than would be here awardable.

I have grave doubts whether a compliance with the petitioner's application would practically result in any saving of administration expenses. The New Jersey court, in which the executors accounting pro-

ceeding is now pending, would not be bound to dismiss it, and, very likely, would not be disposed to dismiss it, in deference to any adjustment that might here be made.   Under all the circumstances, it seems to me that the rights of all parties interested can be best ascertained and determined in New Jersey.   Indeed, I am inclined to think that, at the conclusion of any accounting proceedings that might be instituted, it would be proper to direct the transmission of all undistributed assets to New Jersey, and to remit all parties interested to the Orphans' court of Morris county, for the determination of any controversy respecting the executor's commissions.

I am not disposed to dismiss this petition, but if the petitioners do not care to press it, I will permit it to be withdrawn.